**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Hasan Malik Davis, | Case No.: 2:25-cv-01206-JAD-NJK |
| Petitioner, | |
| v. | **Order Dismissing Case Without Prejudice and Denying Pending Motions as Moot** |
| Warden, Southern Desert Correctional Center, et al., | |
| Respondents. | [ECF No. 1, 2, 3] |

Petitioner Hasan Malik Davis, a Nevada prisoner at the Southern Desert Correctional Center (SDCC), has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254,[1] a motion for a temporary restraining order,[2] and a motion for preliminary injunction.[3]  None of these submissions are signed by Davis himself.  Instead, they are signed (and appear to have been drafted by) an individual named Rashida Bey, who identifies herself as a resident of Tennessee and claims to have power of attorney for Davis.  Setting aside whether Bey is authorized to initiate this action on Davis's behalf, the relief Davis is seeking is not available in an action under 28 U.S.C. § 2254.  So I dismiss this action without prejudice.

In the petition, Davis alleges that Nevada state officials have not filed or responded to an "Emergency Petition for Writ of Habeas Corpus" that Bey recently sent to the state district court

---

[1] ECF No. 1-1.

[2] ECF No. 2.

[3] ECF No. 3.

for Washoe County, Nevada, and served on the district attorney, the attorney general, and the warden of SDCC.[4]  With the motions for preliminary relief, Davis asks this court to compel the State of Nevada to respond to the emergency habeas petition and to halt the garnishment or seizure of funds in his inmate-trust account.[5]

Section 2254 of Title 28 provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[6]  A claim is cognizable in habeas if a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration."[7]  In contrast, a civil-rights action under 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of his confinement.[8]

Claims that a prisoner is being denied access to the courts falls in the latter category.[9] And, even in the context of a civil-rights action under § 1983, federal courts may only intervene in a state action for post-conviction relief when it "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'"[10]  As for a claim that prison officials have improperly seized funds in a prisoner's trust account, that would have no bearing on the

---

[4] ECF No. 1-1.

[5] ECF Nos. 2, 3.

[6] 28 U.S.C. § 2254(a).

[7] *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

[8] *McCarthy v. Bronson*, 500 U.S. 136, 141–42 (1991); *Preiser*, 411 U.S. at 499.

[9] *Bounds v. Smith*, 430 U.S. 817 (1977), *limited by Lewis v. Casey*, 518 U.S. 343 (1996)

[10] *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009) (quoting *Medina v. California*, 505 U.S. 437, 446 (1992)).

fact or duration of a prisoner's confinement.  As Davis's claims do not fall within "the core of habeas corpus,"[11] they must be brought under 42 U.S.C. § 1983, if at all.[12]

In addition to this jurisdictional defect, Davis's motion to proceed *in forma pauperis*[13] does not comply with 28 U.S.C. § 1915(a)(2) or this court's Local Rules.  If Davis decides to pursue further relief in this court and is unable to pay the filing fee, his application to proceed *in forma pauperis* must be submitted on the court's approved form and must include a certificate from a prison official certifying the amount of funds currently held in his trust account and the net deposits to the account for the six months prior to the application.[14]

IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice to Davis's ability to file a **new** action under 42 U.S.C. § 1983 with either the filing fee ($405.00) or a completed application to proceed *in forma pauperis* on the proper form with both an inmate-account statement for the past six months and a properly executed financial certificate.

IT IS FURTHER ORDERED that petitioner's motions **[ECF Nos. 1, 2, 3] are DENIED** as moot.  The Clerk of Court is directed to **CLOSE THIS CASE**.

Dated: July 17, 2025

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] *Preiser*, 411 U.S. at 487.

[12] *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016).

[13] ECF No. 1.

[14] *See* 28 U.S.C. § 1915(a)(2) and Local Rules LSR 1-1, 1-2.